**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HM MANJURUL POLASH,

    Plaintiff,

v.

NATIONAL CITY MORTGAGE CO.,

    Defendant.

Case No. 2:09-CV-02187-KJD-RJJ

**ORDER**

    Currently before the Court is Defendant PNC Bank, National Association's ("PNC") Motion to Dismiss (#4), Motion to Strike Claim for Punitive Damages (#5), and Motion to Expunge Lis Pendens (#6).[1] Plaintiff filed a Response to each Motion (#22) jointly, to which PNC filed a Reply (#23). The Court considers each Motion and issues its ruling together herein.

**I. Background**

    Plaintiff purchased the property located at 6724 Quinella Drive, Las Vegas, Nevada, on November 21, 2006. To purchase the property, Plaintiff obtained a first and second mortgage for $312,000 and $78,000 respectively, from PNC and Wells Fargo Bank, NA. The first mortgage was

---

[1] PNC's Motions are filed in its capacity as successor by merger to National City Bank, previously doing business as National City Mortgage Co.

for $312,000 under an adjustable rate note.[2] Plaintiff fell behind on his mortgage payments and on or about April 16, 2009, received a letter from Cal Western Reconveyance on behalf of PNC and a Notice of Default and Election to Sell, stating that the property would be sold at a trustee's sale on August 27, 2009. Upon receiving the Notice of Default and Election to sell, Plaintiff allegedly entered into negotiations with PNC regarding the potential of a short sale, and contacted Cal Western to continue foreclosure. On or about September 28, 2009, the subject property was sold at a trustee's sale. One week following foreclosure, Plaintiff received a letter indicating that Financial Hope for America had been given access to the mortgage account as a part of the loan modification process. Plaintiff alleges that he relied on the representations of PNC that a modification agreement would occur, and that he would have taken other actions had he known PNC was going to foreclose on the property.

Plaintiff filed his Complaint in state court on October 15, 2009, alleging four causes of action against PNC, for: (1) Promissory Estoppel; (2) Wrongful Foreclosure/Quiet Title; (3) Misrepresentation; and, (4) Preliminary/Permanent Injunction. Here, PNC seeks that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Fed. R. Civ. P. 12(b)(7) for failure to name an indispensable party. In the alternative, PNC seeks that the Court grant summary judgment, strike Plaintiff's claim for punitive damages, and expunge the Lis Pendens pursuant to N.R.S. § 14.015. For the reasons stated herein, the Court finds that Defendant's Motion to Dismiss should be granted.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 does not require

---

[2]The second mortgage, from Wells Fargo Bank, NA, is not the subject of this case.

detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

**(1) Promissory Estoppel**

To establish a claim for promissory estoppel, four elements must exist: "(1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped." Pink v. Busch, 691 P.2d 456, 459–60 (Nev. 1984).

1    Here, Plaintiff alleges that he "relied to his detriment that foreclosure would not occur and
2 that a short sale agreement would be executed between the parties herein." (Compl. ¶ 21.)   It is
3 undisputed however, that the parties never entered into a modification or short sale agreement.
4 Plaintiff acknowledges that he was in the process of filing out a "modification application", thus
5 demonstrating that no agreement had been entered. (Id. at ¶ 13.)   Plaintiff has failed to demonstrate
6 an agreement between the parties, and asserts no valid basis upon which his claim for estoppel may
7 rest.  Plaintiff fails to allege any action that Defendant intended would be acted upon by Plaintiff, or
8 that Plaintiff acted in a way demonstrating that he had a right to believe an agreement had been
9 entered into that would estop foreclosure proceedings.  Moreover, Plaintiff's allegation that he relied
10 to his detriment, or somehow made a detrimental change of position based upon Defendant's
11 conduct—that if he had known that foreclosure was going to occur he would have taken other
12 action—is without merit.  Plaintiff defaulted on his mortgage, and was sent a Notice of Default and
13 Election to Sell.  He has provided no evidence demonstrating a plausible belief or reason he should
14 have believed his position had changed, or that foreclosure proceedings could not occur.
15 Accordingly, Plaintiff's claim for estoppel fails.  Moreover, Plaintiff's claim that he relied upon the
16 communication from Financial Hope for America to his detriment fails, as said communication was
17 admittedly received by Plaintiff subsequent to his receipt of the Notice of Default and Election to
18 Sell, and after the trustee's sale on the property had taken place.
19 **(2) Wrongful Foreclosure/Quiet Title**
20    "An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can
21 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
22 condition or failure of performance existed on the mortgagor's or trustor's part which would have
23 authorized the foreclosure or exercise of the power of sale."  Collins v. Union Federal Sav. & Loan
24 Ass'n, 662 P.2d 610, 623 (Nev.1983).  "The material issue of fact in a wrongful foreclosure claim is
25 whether the trustor was in default when the power of sale was exercised."  Id.
26

1  Here, Plaintiff's claim for wrongful foreclosure fails because he cannot allege that he was not
2  in default on his loan obligations when foreclosure proceedings were initiated, or that he made any
3  attempt to cure his default.  Rather, Plaintiff alleges that he relied to his detriment "on the
4  representations of the Defendant that they were processing a modification agreement." (#22 at 7.)
5  Accordingly, through his own admissions, Plaintiff cannot allege that Defendant breached a
6  condition of the mortgage agreement sufficient to preclude foreclosure proceedings.  (See Compl. ¶
7  5–6.)  Thus, Plaintiff's claim for wrongful foreclosure fails.

**(3) Misrepresentation**

9  Misrepresentation is a form of fraud where a false representation is relied upon in fact.  See
10 Pacific Maxon, Inc. v. Wilson, 96 Nev. 867, 871 (Nev.1980).  Fraud has a stricter pleading standard
11 under Fed. R. Civ. P. 9(b), which requires a party to "state with particularity the circumstances
12 constituting fraud."  Pleading fraud with particularity requires "an account of the time, place, and
13 specific content of the false representations, as well as the identities of the parties to the
14 misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also, Morris v.
15 Bank of Nev., 886 P.2d 454, 456 n. 1 (Nev. 1994).

16 The elements for a claim of misrepresentation include (1) that a false representation was
17 made by the defendant, with (2) knowledge or belief that the representation is false—or, that he does
18 not have a sufficient basis of information to make the representation, (3) that defendant had an
19 intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation,
20 (4) that the plaintiff justifiably relied upon the representation in taking action or refraining from it,
21 and (5) that damage resulted to the plaintiff, arising from said reliance.  Lubbe v. Barba, 540 P.2d
22 115 (Nev. 1975).

23 Plaintiff avers that Defendant's involvement in his loan transaction and participation in a
24 government imposed loan modification program exceeded the scope of its conventional role as a

lender, and created a fiduciary relationship which resulted in constructive fraud.[3]  The Court does not agree.

As stated above, Plaintiff has failed to demonstrate the existence of any short sale or modification agreement between the parties, or any action on behalf of Defendant intended to induce Plaintiff to act or not act in regards to his pending foreclosure, or that Plaintiff acted in a way demonstrating that he had a right to believe an agreement had been entered into that would preclude or stall foreclosure proceedings.  Moreover, the Court finds that Plaintiff has failed to allege his misrepresentation claim with sufficient particularity.  Accordingly, Plaintiff's misrepresentation claim also fails.

**(4) Preliminary/Permanent Injunction**

Though Plaintiff's fourth cause of action brings a claim for injunctive relief, the Court notes that injunctive relief is not a cause of action in itself, but a type of relief which is only available should Plaintiff be able to show a likelihood of success on the merits of his other causes of action.

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies.  See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982).  In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction.  See American Motorcycle Ass'n. v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and

---

[3] It is generally accepted that a fiduciary relationship does not exist between a buyer and seller in an arms' length transaction.  See Executive Mgmt. Ltd. v. Ticor Title Ins. Co., 963 P.2d 465, 477 (1998).

the possibility of irreparable injury or serious questions as to these matters and the balance of hardships or public interest tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980).

      As discussed above, Plaintiff has failed to demonstrate a likelihood of success on the merits for his estoppel, unlawful foreclosure, or misrepresentation claims.  Moreover, he has failed to show the emergent circumstances required to merit injunctive relief, or that the balance of hardships or public interest tips in his favor.  Accordingly, the Court finds that Plaintiff's claim seeking injunctive relief also fails as a matter of law.

**IV. Conclusion**

      **IT IS HEREBY ORDERED** that Defendant PNC Bank, National Association's  Motion to Dismiss (#4) is **GRANTED**.  Judgment to be entered on behalf of Defendant PNC and against Plaintiff.

      **IT IS FURTHER ORDERED** that PNC's, Motion to Strike Claim for Punitive Damages (#5), is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that PNC's Motion to Expunge Lis Pendens (#6) is **GRANTED**.

      DATED this 4th day of November 2010.

_____
Kent J. Dawson
United States District Judge